IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN MICHAEL JOHNSON, #155865     *
         Petitioner,
      v.                                    *    CIVIL ACTION NO. JFM-15-1110

STATE OF MARYLAND                    *
         Respondent.
                                               *****

## MEMORANDUM

Petitioner Stephen Michael Johnson seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his convictions in the Circuit Court for Charles County in 1980, based upon newly discovered evidence "taken from the scene [of the crime]."[1] ECF No. 1. Respondent has filed a limited answer to the petition and Johnson has filed a reply.[2] ECF Nos. 6 & 7. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow the petition shall be dismissed without prejudice.

### Background and Procedural History

In October of 1980, Johnson was convicted of first-degree sexual assault, assault, and kidnapping in the Circuit Court for Charles County, Maryland. See ECF No. 6-2. He was sentenced to life in prison. In 1985, Johnson raised a 28 U.S.C. § 2254 challenge to his 1980 conviction in this court. See ECF No. 6-1. The petition was denied on the merits by this court

---

[1] In his sole claim, Johnson alleges that evidence taken from the scene, *i.e.*, tire tracks, a cigarette pack, a T-shirt of the victim and a sex-crime kit, existed. ECF No. 1 at pg. 5.

[2] Johnson has also filed a motion for appointment of counsel and to move forward on his writ of habeas corpus. ECF Nos. 4 & 5. For reasons to follow the motions shall be denied.

and the appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. Johnson does not refute the fact that he submitted this earlier filing.

The court shall withhold comment on the timeliness of the petition and observes that under 28 U.S.C. § 2244, Johnson may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). Johnson's first § 2254 application was dismissed on the merits. The pending petition is successive and this court may not consider it until the Fourth Circuit enters an order authorizing this court to do so.[3] *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Johnson has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Johnson wish to seek authorization to file a successive petition. It is to be emphasized that Johnson must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

---

[3] In *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), the Fourth Circuit held that an inmate's numerically second 28 U.S.C. § 2255 motion, based on the recent vacatur of his state conviction, was not a second or successive motion for purposes of 28 U.S.C. § 2255(h) "where the basis for the claim did not arise until after the district court denied his first § 2255 motion." *Id.* at 259. The analysis in *Hairston* is not applicable here.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Johnson does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: July 21, 2014

_____
J. Frederick Motz
United States District Judge